WYC:UAD
F.#2010R00858

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

                          10-CR-858 (JBW)

CLAIRE ABDELDAIM,

            Defendant.

- - - - - - - - - - - - - - -X


## GOVERNMENT'S REQUESTS TO CHARGE


                                      LORETTA E. LYNCH
                                      UNITED STATES ATTORNEY
                                      Eastern District of New York
                                      271 Cadman Plaza East
                                      Brooklyn, New York 11201


Una A. Dean
Assistant United States Attorney

TABLE OF CONTENTS

REQUEST NO. 1
    General Requests...........................................1

REQUEST NO. 2
    Knowing and Willful Conduct - Generally...................2

REQUEST NO. 3
    The Indictment............................................5

REQUEST NO. 4
    Count One: Failure to File an Accurate Report.............7

REQUEST NO. 5
    Count Two: Making a False Statement......................10

REQUEST NO. 6
    Count Three: Using A False Writing and Document..........13

REQUEST NO. 7
    Basing Verdict on Sympathy...............................16

REQUEST NO. 8
    Lawful Border Search.....................................17

REQUEST NO. 9
    All Available Evidence Need Not Be Produced..............18

REQUEST NO.10
    Testimony of Government Agents...........................19

REQUEST NO. 11
    Testimony of Defendant (If Applicable)...................20

REQUEST NO. 12
    Defendant's Right Not To Testify (If Applicable).........21

REQUEST NO. 13
    Interviewed Witnesses....................................22

REQUEST NO. 14
    Punishment...............................................23

i

REQUEST NO. 15
     Motive For Crime Not Relevant (If Applicable)............24

CONCLUSION....................................................25

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The government requests that the Court charge the jury in its usual manner on the following subjects:

(a)  Function of the Court;

(b)  Jury Communications with Lawyers and the Court;

(c)  Equality of the Prosecution and the Defense before the Court;

(d)  Presumption of Innocence;

(e)  Burden of Proof and Reasonable Doubt;

(f)  Circumstantial Evidence and Direct Evidence;

(g)  Function of Indictment and What is Not Evidence;

(h)  "Or" means "And";

(I)  Inferences Drawn from the Evidence;

(j)  Objections;

(k)  Credibility of Witnesses and Discrepancies in Testimony;

(l)  Improper Considerations;

(m)  Instructions for Deliberations; and

(n)  Jury's Right to See Exhibits and Have Testimony Read During Deliberations.

<u>REQUEST NO. 2</u>

<u>Knowing and Willful Conduct - Generally</u>

During these instructions on the elements of the crimes charged, you will hear me use the words "knowingly and willfully" from time to time.  As a general rule, the law holds persons accountable only for conduct they intentionally engage in.  Thus, in describing the various crimes charged to you, I will on occasion explain that, before you can find the defendant guilty, you must be satisfied that the defendant was acting knowingly and willfully.

A person acts knowingly if she acts purposely and voluntarily and not because of a mistake, accident or other innocent reason.  An act or omission is done "willfully" if it is done voluntarily and intentionally and with the specific intent to do something that the law forbids.  That is to say, with the purpose to either disobey or to disregard the law.  The person need not be aware of the specific law or rule that her conduct may have violated.

In this regard, I instruct you that you may infer that a person ordinarily intends all natural and probable consequences of an act knowingly done.  In other words, you may infer and find that a defendant intended all of the consequences that a person, standing in like circumstances and possessing

2

like knowledge, should have expected to result from the acts she knowingly committed.

These issues of knowledge and willfulness require you to make a determination about the defendant's state of mind, something that can rarely be proved directly.  A wise and careful consideration of all of the circumstances before you may, however, permit you to make a determination as to the defendant's state of mind.

Indeed, in your every day affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in given circumstances.  Experience has taught that, frequently, actions speak louder and more clearly than words.  Therefore, you may well rely in part on circumstantial evidence in determining the defendant's state of mind, and are entitled to do so.

Circumstantial evidence is evidence that tends to prove a disputed fact by other facts.  There is a simple example of circumstantial evidence that is often used in the courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.  Assume that as you are sitting here, someone walked in with an umbrella that was dripping wet.  Someone else walked in with a raincoat that also was dripping wet.  Now, if you could not see outside from this

3

courtroom, you would have no direct evidence that it is raining. But based on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it has been raining.  That is all there is to circumstantial evidence.  You infer on the basis of reason, experience and common sense from an established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

> Authority: Adapted from the charges of the Hon. Eric N. Vitaliano in United States v. Tamarez, 07 CR 85 (ENV), Hon. David G. Trager in United States v. Brens, 04 CR 515 (DGT) and United States v. Dent, 01 CR 1343 (DGT), Hon. Carol B. Amon, United States v. Padilla and Torres, 90 CR 785, and L. Sand, et al., Modern Federal Jury Instructions (hereinafter "Modern Federal Jury Instructions"), Instructions § 3A.01, Instructions 3A-1, 3A-3.

<u>REQUEST NO. 3</u>

<u>The Indictment</u>

The defendant is formally charged in an indictment.
As I instructed you at the outset of this case, the indictment
is a charge or accusation.  The indictment in this case contains
three separate counts, on each of which you will be called upon
to render a separate verdict:

Count One charges that:

On or about June 6, 2010 within the Eastern
District of New York, the defendant CLAIRE
ABDELDAIM did knowingly and willfully fail
to file an accurate report, as defined in
Title 31, United States Code, Section
5316(b), when knowingly transporting
instruments of more than $10,000 at one
time, to wit: approximately $170,000 in
United States currency, to a place in the
United States from a place outside the
United States.

Count Two charges that:

On or about June 6, 2010, within the Eastern
District of New York, the defendant CLAIRE
ABDELDAIM did knowingly and willfully make a
materially false, fictitious and fraudulent
statement and representation in a matter
within the jurisdiction of the executive
branch of the Government of the United
States, to wit: United States Customs and
Border Protection ("CBP"), in that ABDELDAIM
stated and represented that she was
transporting approximately $17,000 in United
States currency, when in fact, as she then
and there well knew and believed, she was
transporting substantially more than $17,000
in United States currency.

5

Count Three charges that:

On or about June 6, 2010, within the Eastern District of New York and elsewhere, the defendant CLAIRE ABDELDAIM did knowingly and willfully make and use a false writing and document knowing the same to contain a materially false, fictitious and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: CBP and the United States Department of the Treasury, in that ABDELDAIM reported in writing on a Currency Transaction Report (FinCEN Form 105), that she was transporting $17,000 in United States currency, when in fact, as she then and there well knew and believed, she was transporting substantially more than $17,000 in United States currency.

6

REQUEST NO. 4

Count One: Failure to File an Accurate Report

Count One of the indictment charges the defendant with failing to file an accurate report required when transporting monetary instruments of more than $10,000 at one time. It reads:

> On or about June 6, 2010 within the Eastern District of New York, the defendant CLAIRE ABDELDAIM did knowingly and willfully fail to file an accurate report, as defined in Title 31, United States Code, Section 5316(b), when knowingly transporting instruments of more than $10,000 at one time, to wit: approximately $170,000 in United States currency, to a place in the United States from a place outside the United States.

With regard to Title 31, United States Code, Section 5316, that statute states in relevant part:

> (b) . . . The report shall contain the following information: . . .
>
> (4) the amount and kind of monetary instruments transported.

In order to prove the defendant guilty of the crime charged in Count One, the government must establish three elements beyond a reasonable doubt.

First, the government must prove beyond a reasonable doubt that the defendant knew that she was carrying more than $10,000 in monetary instruments into or out of the United States. A defendant need not know the exact sum of money she is carrying, as long as she knows that the sum exceeds $10,000.

7

Second, the government must prove beyond a reasonable doubt that the defendant knew that she had a legal duty to file a report of the amount of currency or monetary instruments transported.

As I have already mentioned, the question of whether a person acted with knowledge is a question of fact for you to determine, like any other fact question.  Direct proof of knowledge is not always available, and such proof is not required.  The ultimate fact of whether someone knew something at a particular time, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, her words, her conduct, her acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Third, the government must prove beyond a reasonable doubt that the defendant acted willfully in failing to report the transportation of the currency or monetary instruments.  A willful violation of this reporting requirement can only occur if the government proves beyond a reasonable doubt that the defendant knew of the requirement and that the defendant acted with the specific intent to violate that requirement.

If you find that defendant had knowledge of the reporting requirement and acted voluntarily, intentionally, and

8

with the bad purpose to disobey or disregard the law by not filing the report as required or in not filing an accurate report, then this element is satisfied.

There is no requirement that the money be derived from an illegal source, or for that matter, a legal source.  Do not concern yourself with the source or destination of the money.

Authority:  Adapted from Charge of the Honorable Nicholas Garaufis, United States of America v. Hasan Fahmi Abrahim Ahmed Al Sadawi and Alaa Al Sadawi, 02-CR-901 (NG); Modern Federal Jury Instructions, § 50B.04, Instructions 50B-14, 50B-15, 50B-16 and 50B-17; United States v. Yuzary, 55 F.3d 47, 48-49 (2d Cir. 1995);

<u>REQUEST NO. 5</u>

<u>Count Two: Making a False Statement</u>

Count Two of the indictment charges the defendant with knowingly and willfully making a false statement in a matter within the jurisdiction of a government agency or department in violation of Section 1001 of Title 18 of the United States Code. Count Three of the indictment reads:

> On or about June 6, 2010, within the Eastern District of New York, the defendant CLAIRE ABDELDAIM did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: United States Customs and Border Protection ("CBP"), in that ABDELDAIM stated and represented that she was transporting approximately $17,000 in United States currency, when in fact, as she then and there well knew and believed, she was transporting substantially more than $17,000 in United States currency.

The relevant portion of the statute, Title 18, United States Code, Section 1001, provides that:

> (a) . . . [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully –
>
> > (2) makes any material false, fictitious, or fraudulent statement or representation [is guilty of a crime.]

In order to prove the defendant guilty of the crime of false statement to a government agency, as charged in Count

10

Three, the government must establish four elements beyond a reasonable doubt.

First, the government must prove beyond a reasonable doubt that on or about June 6, 2010, the defendant made a material statement or representation.  Under this statute, there is no distinction between written and oral statements.

The government also must prove beyond a reasonable doubt that the statement or representation is material.  A statement is material if it could have influenced the government agency's decisions or activities.  However, proof of actual reliance on the statement by the government is not required.

Second, the government must prove beyond a reasonable doubt that the representation was false or fictitious or fraudulent.  A statement is "false" or "fictitious" if it was untrue when made and shown at the time to be untrue by the person making it or causing it to be made.  A statement is "fraudulent" if known to be untrue and made or caused to be made with the intent to deceive the government agency to whom it was submitted.  The government agent need not in fact have been deceived.

Third, the government must prove beyond a reasonable doubt that the defendant made the false or fictitious or fraudulent statement or representation knowingly and willfully.

11

I have already defined these terms for you.

Fourth, the government must prove beyond a reasonable doubt that the statement or representation was made in a matter within the jurisdiction of the government of the United States. You are instructed as a matter of law that the United States Customs and Border Protection and the Bureau of Immigration and Customs Enforcement are departments or agencies of the United States Government.  To be within the jurisdiction of the United States means that the statement must concern an authorized function of that department or agency.

In considering whether the defendant is guilty or not guilty of the offense alleged in Count Two, do not concern yourself with the source or destination of the money, whether legal or illegal.  As I have already explained, these factors are irrelevant.

Authority:  Adapted from Charge of the Honorable Nicholas Garaufis, United States of America v. Hasan Fahmi Abrahim Ahmed Al Sadawi and Alaa Al Sadawi, 02-CR-901 (NG), Modern Federal Jury Instructions, § 36.01, Instruction 36-9.

<u>REQUEST NO. 6</u>

<u>Count Three: Using a False Writing and Document</u>

Count Three of the indictment charges the defendant with knowingly and willfully making and using a false writing and document in a matter within the jurisdiction of a government agency or department in violation of Section 1001 of Title 18 of the United States Code.  Count Three of the indictment reads:

> On or about June 6, 2010, within the Eastern District of New York and elsewhere, the defendant CLAIRE ABDELDAIM did knowingly and willfully make and use a false writing and document knowing the same to contain a materially false, fictitious and fraudulent statement and entry in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: CBP and the United States Department of the Treasury, in that ABDELDAIM reported in writing on a Currency Transaction Report (FinCEN Form 105), that she was transporting $17,000 in United States currency, when in fact, as she then and there well knew and believed, she was transporting substantially more than $17,000 in United States currency.

The relevant portion of the statute, Title 18, United States Code, Section 1001, provides that:

> (a) ... [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully –
>
>> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry [is guilty of a crime.]

13

In order to prove the defendant guilty of the crime of using a false writing and document in a matter withing the jurisdiction of a government agency, as charged in Count Three, the government must establish five elements beyond a reasonable doubt.

First, the government must prove beyond a reasonable doubt that on or about June 6, 2010, the defendant used a writing or document.

Second, the government must prove beyond a reasonable doubt that the writing or document was false, fictitious or fraudulent.  A statement or misrepresentation is "false" or "fictitious" if untrue when made and shown at the time to be untrue by the person making it or causing it to be made.  A writing or document is "fraudulent" if known to be untrue and made or caused to be made with the intent to deceive the government agency to whom it was submitted.  The government agent need not in fact have been deceived.

Third, the government must prove beyond a reasonable doubt that the defendant's statement or representation was material.  A fact is material if it was capable of influencing the government's decisions or activities.  However, proof of actual reliance on the statement by the government is not required.

14

Fourth, the government must prove beyond a reasonable doubt that the defendant acted knowingly and willfully.  I have already defined those terms for you.

Fifth, the government must prove beyond a reasonable doubt that the writing or document be used or made with regard to a matter within the jurisdiction of the government of the United States.

As I already stated, you are instructed as a matter of law that the United States Customs and Border Protection and the Bureau of Immigration and Customs Enforcement are departments or agencies of the United States Government.  To be within the jurisdiction of the United States means that the statement must concern an authorized function of that department or agency.

In considering whether the defendant is guilty or not guilty of the offense alleged in Count Three, do not concern yourself with the source or destination of the money, whether legal or illegal.  As I have already explained, these factors are irrelevant.

> Authority:  Modern Federal Jury
> Instructions, § 36.01, Instructions 36-15,
> 36-16, 36-17, 36-18, 36-19, and 36-20.

REQUEST NO. 7

Basing Verdict on Sympathy

Under your oath as jurors you are not to be swayed by sympathy for one side or the other.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you must find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Authority:  Adapted from Modern Federal Jury Instructions, § 2.01, Instruction 2-12.

16

<u>REQUEST NO. 8</u>

<u>Lawful Border Search</u>

You have heard testimony that the defendant was approached at John F. Kennedy International Airport and informed of currency reporting requirements, that she was questioned, she was required to sign a form and indicate the amount of currency she was carrying, that her bags and carry-on luggage were searched, and that she was thereafter detained at the airport.

I charge you that because the United States has the right to protect its borders and to control the entry and exit of persons or things across its borders, these actions of the United States authorities in relation to the defendant were lawful.

I further charge you that law-enforcement policies and procedures are not your concern.  You should focus your attention on the real issue of this trial; namely, whether the government has proved that the defendant committed the crimes charged in the indictment.

> <u>Authority</u>:  Adapted from the charge of Hon. I.
> Leo Glasser, <u>United States v. Esieke</u>, 90 CR 248;
> <u>United States v. Cheung Kin Ping</u>, 555 F.2d 1069
> (2d Cir. 1977); <u>see also</u> <u>United States v. Ramsey</u>,
> 431 U.S. 606, 616 (1977).

17

REQUEST NO. 9

All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter at issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial.

Authority: Adapted from the charge of the Hon. Denis R. Hurley, United States v. Tiedeman, 99-CR-910 (DRH); E. Devitt & C. Blackmar, Federal Jury Practice and Instructions, § 72.11 (3d ed. 1977).

REQUEST NO. 10

Testimony of Government Agents

During the trial, you heard testimony from government agents and employees.

Because a witness may be a government employee does not mean that his or her testimony is entitled to any greater weight by reason of his or her employment.  By the same token, his or her testimony is not entitled to less consideration simply because he or she is a government employee.

You should consider the testimony of government employees just as you would consider any other evidence in the case and evaluate their credibility just as you would that of any other witness.  It is your decision, after reviewing all of the evidence, whether to accept the testimony of the law enforcement witnesses, and what weight, if any, that testimony deserves.

Authority:  Adapted from the charge of Hon. I. Leo Glasser, United States v. Buntin McPherson, 90 CR 896.

19

REQUEST NO. 11

Testimony of Defendant (If Applicable)

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and she was subject to cross-examination like any other witness. You should examine and evaluate the defendant's testimony just as you would the testimony of any witness with an interest in the outcome of the case.

> Authority:  United States v. Brutus, Cr. No.
> 06-2710, 2007 WL 2828690, n.7 (2d Cir. Oct.
> 2, 2007), adapting charging language from
> United States v. Gaines, 457 F.3d 238, 249
> n.9 (2d. Cir. 2006).

20

<u>REQUEST NO. 12</u>

<u>Defendant's Right Not to Testify (If Applicable)</u>

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against her may be drawn by you because she did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

<u>Authority</u>: Adapted from <u>Modern Federal Jury Instructions</u>, § 5.07, Instruction 5-21.

21

REQUEST NO. 13

Interviewed Witnesses

During the course of trial you heard testimony that the attorneys for the government interviewed witnesses when preparing for and during the trial.  You must not draw any unfavorable inference from that fact.  On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and in the discharge of that responsibility properly interview witnesses in preparation for the trial and from time to time as may be required during the course of the trial.

> Authority:  Adapted from the charge of Hon.
> I. Leo Glasser, United States v. Young Taek
> Lee, 93 CR 1072.

REQUEST NO. 14

Punishment

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely on the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment of the defendant, if she is convicted, to influence your verdict in any way or, in any sense, enter into your deliberations.

Authority:  Adapted from Modern Federal Jury Instructions, §9.01, Instruction 9-1.

23

<u>REQUEST NO. 15</u>

<u>Motive for Crime not Relevant (If Applicable)</u>

There was testimony in this case of motive by the defendant.  The motive that the defendant had or claimed to have had for committing the crime charged is irrelevant to their guilt or non-guilt.  Whether the defendant committed acts for her financial gain or for the benefit of somebody else does not excuse the defendant's acts if she committed them and violated the law.  However, the presence or absence of motive is a circumstance which you may consider as bearing on the intent of a defendant.

<u>Authority</u>: Adapted from charge of the Hon. Jack B. Weinstein, <u>United States v. Edwards</u>, EDNY, 96 CR 1218, approved in <u>United States v. Edwards</u>, 101 F.3d 17 (2d Cir. 1996); <u>Modern Federal Jury Instructions</u>, § 6.06, Instruction 6-18.

24

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury.  In addition, the government requests the opportunity to submit further instructions or amend those submitted, as may become appropriate during the course of the trial.


Dated:     Brooklyn, New York
           February 28, 2011

                         Respectfully submitted,

                         LORETTA E. LYNCH
                         UNITED STATES ATTORNEY


                         _____/s/_____
                   By:   Una A. Dean
                         Assistant United States Attorney


cc: John Carman, Esq. (By ECF)

25

WYC:UAD
F.#2010R00858

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

                                    VERDICT SHEET

    - against -

                                    10-CR-858 (JBW)

CLAIRE ABDELDAIM,

        Defendant.

- - - - - - - - - - - - - - - X

I.    COUNT ONE - Failure to File a Report

        How do you find the defendant CLAIRE ABDELDAIM on

        Count One of the Indictment?

        GUILTY _____         NOT GUILTY _____

II.  COUNT TWO - Making a False Statement

        How do you find the defendant CLAIRE ABDELDAIM on

        Count Two of the Indictment?

        GUILTY _____         NOT GUILTY _____

III. COUNT THREE - Using a False Writing and Document

        How do you find the defendant CLAIRE ABDELDAIM on

        Count Three of the Indictment?

        GUILTY _____         NOT GUILTY _____

                                   _____

                                   FOREPERSON