UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 10-CR-858 |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| CLAIRE ABDELDAIM, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On March 9, 2011, Claire Abdeldaim was convicted by jury verdict of Counts One through Three of a three-count indictment. The conduct charged to the defendant in all three counts occurred on June 6, 2010. Count One charged that the defendant knowingly failed to file an accurate report, as defined in 31 U.S.C. § 5316(b), when transporting approximately $170,000 into the United States, in violation of 31 U.S.C. § 5316(a)(1)(B) and 5316(b). Count Two charged that the defendant provided a false statement to the United States Customs and Border Protection (CBP), in that she represented that she was transporting approximately $17,000, when she was actually transporting substantially more than $17,000, in violation of 18 U.S.C. § 1001(a)(2). Count Three charged that the defendant made and used a false writing and document, knowing it contained a materially false statement and entry in a matter within the jurisdiction of the CBP and the United States Department of the Treasury. Specifically, the count charged that the defendant, in writing, reported on a Currency Transaction Report (FinCEN Form 105) that she was transporting $17,000, when she was actually transporting substantially more than $17,000, in violation of 18 U.S.C. § 1001(a)(3).

Abdeldaim was sentenced on June 20, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 18 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between twenty-seven and thirty-three months. The calculation of the total offense level included a two-point enhancement for involving bulk cash smuggling, based on a search of her purse that turned up approximately $170,000 in cash when she had declared carrying only $17,000. Count One carried a maximum

term of imprisonment of five years, 31 U.S.C. § 5322(a), as did both Counts Two and Three. 18 U.S.C. § 1001(a). The guidelines range of fine was from $6,000 to $60,000.

Abdeldaim was sentenced to three years' probation. A term of supervised release was not required, and none was imposed. A $300 special assessment was imposed. A fine of $10,000 was also imposed. Under an agreement reached with the government, the defendant is subject to forfeiture in the amount of $5,000.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offenses committed by the defendant are undoubtedly serious in nature. They involve lying to United States officers whose job it is to police the entry points to our country. On June 6, 2010, the defendant arrived at John F. Kennedy International Airport aboard a flight that originated in Khartoum, Sudan. She declared that she was carrying $17,000 in cash, but after further inspection, it was found that she was actually carrying approximately $170,000. The additional money was found in the defendant's purse. A portion of it was sewn into white cloth which had itself been sewn into the defendant's underwear when she was leaving Sudan. It later came to light that the defendant obtained the money by selling a plot of land in Khartoum that was owned by her deceased husband. The defendant claimed that she planned to use the money to pay for one of her daughter's law school tuition and for another daughter's wedding.

A consideration of Abdeldaim's life history and individual characteristics indicates that her conduct in this case was aberrant. With the exception of the acts she committed on June 6, 2010, the defendant's life has been estimable. The defendant is highly educated, having attended several New York universities from which she obtained two master's degrees, one in public administration and the other in social work. Both during the period when she attended graduate school and after, the defendant worked in various hospitals and homes as a social worker. At present, the defendant is employed as a social worker supervisor at the Hebrew Hospital Home in the Bronx, a well known home for the aged. In addition to caring for others in her social work, the defendant is a devoted mother and grandmother. Each of her three children has achieved a great deal of success, with one being a physician, another a computer engineer, and the last a guidance counselor. It was to ensure her children's financial well being that the defendant travelled to Sudan to sell her deceased husband's property. In light of the defendant's life history and characteristics, a sentence of three years' probation is sufficient. It reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in attempts to smuggle bulk cash into the United States by falsifying government disclosure statements will result in a substantial restriction of freedom and monetary loss. Specific deterrence is achieved through a substantial fine and forfeiture, an extended period of monitoring by probation, and the impact of this conviction on the defendant's employability. It is unlikely that she will engage in further criminal activity in light of her age and family and financial circumstances.

Jack B. Weinstein
Senior United States District Judge

Dated: June 22, 2011
      Brooklyn, New York